Nancy Knox Bierman
1326 E. 33rd St. Suite A
Houston, TX 77002
(713) 836-9990
SBOT #24059177
(Pro Hoc Vice pending)
Libralawtexas@gmail.com

Attorney for the Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LISA LEAKE, KRISTEN GRACE, JOSEPH HEYSER, CHRISTOPHER STEIN, AND LESLIE ZEPEDA, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED<br><br>                 Plaintiffs,<br><br>vs.<br><br>RAYTHEON TECHNOLOGIES CORPORATION,<br><br>                 Defendant | Case No.: _____<br><br><br>CLASS ACTION COMPLAINT<br>JURY TRIAL REQUESTED |

**CLASS ACTION COMPLAINT**

The above-named Plaintiffs, Lisa Leake, Kristen Grace, Joseph Heyser, Christopher Stein and Leslie Zepeda (hereinafter collectively known as "Plaintiffs"), on behalf of themselves and all others similarly situated, hereby complain and allege against Raytheon Technologies Corporation (hereinafter known as "Defendant"), the following:

**INTRODUCTION**

1. This is a Class Action on behalf of the named Plaintiffs and all other similarly situated claimants who were subject to Defendant's discriminatory policies that substantially

CLASS ACTION COMPLAINT JURY TRIAL REQUESTED - 1

burdened their ability to exercise their religious freedom by announcing, dictating and mandating that they receive a medical procedure, which insulted and violated their strongly held religious beliefs.

2.  The penalty for not violating their own deeply and strongly held religious beliefs was termination from their employment, loss of their job benefits, and legal actions for repayment of trainings and professional degrees earned under employee educational benefits programs.

3.  The mandate and subsequent coercive actions on the part of the Defendant violated Plaintiff's rights and caused undue emotional and psychological harm to the Plaintiffs.  4.

4.  Defendant reluctantly granted a handful of religious exemptions and medical exemptions, however significant caveats attached, to include a waiver of medical privacy right guaranteed under HIPAA, as Defendant intended to release all medical data to a 3rd party.

5.  Defendant willfully discriminated against employees based on disability and/or religious belief and engaged in patterns and practices designed to coerce, manipulate, ostracize them due to those disabilities and beliefs.

6.  Furthermore, Defendant engaged in retaliatory behavior by wrongfully terminating Plaintiffs due to their disabilities and/or religious beliefs.

7.  By this action, Plaintiffs individually and on behalf of the Class, seek damages and declaratory relief.

**PARTIES**

8.  Plaintiffs were, at all relevant times, residents of Arizona. Defendant was, at all relevant times, a for-profit corporation doing business in the State of Arizona, availing itself of the privileges and benefits of conducting business in Arizona.

CLASS ACTION COMPLAINT JURY TRIAL REQUESTED - 2

**A. Named Plaintiffs**

9.      Named Plaintiff Lisa Leake was employed by Defendant as a Sr Systems Engineer I, at Defendant's Tucson Arizona location.

10.     Named Plaintiff Kristen Grace was employed by Defendant as a Sr Eng, Design Engineer, at Defendant's Tucson location.

11.     Named Plaintiff Joseph Heyser was employed by Defendant as an Associate Director, Program Management, at Defendant's Tucson location.

12.     Named Plaintiff Christopher Stein was employed by Defendant as a Principal Engineer, E&E Engineering at Defendant's Tucson location.

13.     Named Plaintiff Leslie Zepeda was employed by Defendant as a Principal Specialist, Engineering Services at Defendant's Tucson location.

**B. Named Defendant**

14.      Defendant is a domestic for-profit corporation whose registered office is located at:

7925 Jones Branch Dr, Mc Lean, VA 22102.

Process may be served on its registered agent, at the company's Tucson location: 1151 E Hermans Road M S TU M09 T, Tucson, AZ 85706

### JURISDICTION AND VENUE

15.     Jurisdiction is proper pursuant to 28 USC §§ 1331, 1332(d), 1441 (c)(A), and 1453. Plaintiffs and the proposed class members are citizens of the State of Arizona. Defendant is a Delaware Corporation, with corporate headquarters in Massachusetts, and at all relevant times hereto, was doing business in the State of Arizona.

16.    This Court has authority to award the requested declaratory relief pursuant

to 28 U.S.C. §§ 2201, and

costs and attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988(b).

17.    Venue is proper is this District pursuant to USC 28 §1391, as the conduct giving rise to

Plaintiff's claims occurred in the State of Arizona, County of Pima.

## FACTUAL ALLEGATIONS
### The Mandate

18**.    September 15, 2021:**  Raytheon announced vaccine mandate policy via email blast and

video message from CEO On or around September 15, 2021, Defendant implemented a

mandatory vaccination policy that requires all employees receive the COVID-19 vaccine

and disclose their vaccination status. Plaintiffs refused to submit for varying medical

issues and religious beliefs to the experimental medical procedure that may have derived

its cell line from aborted fetal tissues.

19**.    September 16, 2021:**  First of many evolutions of FAQ published.  This document and

the video from the CEO are what the company says defines the new covid vaccine policy.

Vaccinations will be mandatory for all on site AND all off site employees.

### The Objection/Exemption/Accommodation Process

20.    All Plaintiffs objected to receiving a COVID-19 vaccination based on their sincerely

held religious beliefs and/or their pre-existing medical conditions. Plaintiffs sincerely

held religious beliefs and/or pre-existing medical issues prevent each of them from

receiving the COVID-19 vaccine for a variety of reasons.

21.    Multiple Plaintiffs hold to the sincere religious belief that the human body is God's

temple, and that they must not take anything into their bodies that God has forbidden or

CLASS ACTION COMPLAINT JURY TRIAL REQUESTED - 4

that would alter the functions of their body such as by inducing the production of a spike protein in a manner not designed by God.

22.  Multiple Plaintiffs object to the use of mRNA technology, which causes human cells to produce a spike protein they would not normally produce.

23.  Multiple Plaintiffs object to being forced to inject a substance that carries with it significant risk. The COVID-19 vaccine has resulted in a statistically significant number of serious adverse reactions, including myocarditis, a potentially fatal inflammation of the heart muscles, and pericarditis, a potentially fatal inflammation of the heart tissue.

24.  Multiple Plaintiffs submitted requests for religious and/or medical exemptions. Some were conditionally granted with conditions designed to coerce compliance through segregation, demotion, and other hostile "accommodations".

**The Harassment, Coercion and Creation of a Hostile Work Environment**

25.  Plaintiffs were subjected to frequent homepage banners and emails reminding them to submit their vaccine status, threatening termination for non-compliance.

26.  Plaintiffs faced constant reminders and coercion via emails, company shout-outs, and "Get vaccinated" signs in all common areas. All efforts were focused on vaccination compliance and submission to this experimental injection.

27.  Many of the Plaintiffs have contracted and recovered from COVID-19, and many have antibodies tests showing that they acquired natural immunity, however all of this was rejected by Defendant.

28.  Plaintiffs do not believe that staying true to their faith meant exposing themselves or others to unnecessary risk. They view life, both their own and that of their fellow man as sacred and deserving of the utmost protection.

CLASS ACTION COMPLAINT JURY TRIAL REQUESTED - 5

29.   Plaintiffs did not object to other non-permanent safety measures, such as physical distancing, sick leave, indoor masking, and teleworking. Defendants had complied with such measures during the prior eleven months, as many returned to work after the initial two weeks of shutdown in April 2020.

30.   Defendants possessed multiple less restrictive methods of mitigating the spread of COVID-19, including masking, remote teleworking, physical distancing, and voluntary testing of all symptomatic employees.

31.   Defendants should have implemented mitigation protocols irrespective of vaccination status, as those who have been vaccinated can carry, transmit, and become infected with COVID-19.

32.   If Defendants true goal was health of workers and a safe environment, forcing weight loss and smoking cessation would have better served the purpose as obesity and hypertension were the most prevalent co-morbidities associated with the virus.

**The Termination and Retaliation**

33.   The federal contractor vaccine mandate was stayed on December 17, 2021, in a decision by the U.S. Court of Appeals for the Eleventh Circuit. The nationwide stay of the mandate was in place at the time of all events put forth below. A final decision was expected as late as April 2022.

34.   Named Plaintiff Leake was employed by Defendant for over 13 years and received various promotions and yearly pay increases. She had no prior disciplinary issues.

35.   On or about November 1, 2021, in good faith and compliance to policy, Plaintiff submitted a request for religious accommodation.

CLASS ACTION COMPLAINT JURY TRIAL REQUESTED - 6

36.    On or about December 15, 2021, religious accommodation was approved with a with weekly testing stipulation, which was in violation of Plaintiff's accommodation statement explaining sincerely held religious beliefs. This non-negotiable testing requirement, dictated by Defendant, was only required of a small set of employees and tests were the most invasive EUA versions, that have since been recalled by the FDA.

37.    On or about February 1, 2022, Plaintiff was terminated for non-compliance with the Defendant's Covid 19 mandate.

38.    Named Plaintiff Grace was employed by Defendant for over 18 years and received various promotions and pay increase. She had no prior disciplinary issues with Defendant.

39.    On or about February 25, 2021, Plaintiff requested a transfer to a remote position, due to her sincere religious objections and medical disability that precluded her from complying to Defendant's COVID-19 policy. Defendant acknowledged Plaintiff's ADA disability but dismissed Plaintiff's right to assert a religious exception.

40.    On or about May 7, 2021, Defendant denied Plaintiff's request for a remote position as a reasonable accommodation and retaliated against Plaintiff by putting her on involuntary unpaid medical leave, prohibiting Plaintiff from seeking any outside income while on leave.

41.    On or about September 24, 2022, Plaintiff secured a remote position and submitted a religious exemption for the COVID-19 vaccine mandate.

42.    On or about November 4, 2022, Plaintiff's religious exemption was denied based on Plaintiff's medical disability.

43. After months of Defendant's continuous harassment, coercion, threats, and humiliation, on or about January 31, 2022, Defendant terminated Plaintiff's employment for non-compliance to Defendant's COVID-19 mandate.

44. Named Plaintiff Heyser was a longtime employee (14 years) and USAF veteran who left a career as an airline pilot to join Raytheon so he could help deliver solutions to his brothers in arms.

45. Plaintiff was discriminated against due to his religious objections to the COVID injection mandate.

46. On or about September 15, 2021, Defendant issued a companywide vaccine mandate requiring all employees to submit to the experimental mRNA COVID 19 injections.

47. On or about September 15, 2021, Defendant also imposed a blanket "accommodation" for those with medical or religious exemptions of mask wear and weekly COVID testing (despite the fact that the tests are not FDA approved and under an emergency use authorization) indefinitely.

48. On or about September 30, 2021, the Defendant lifted masking and social distancing requirements for vaccinated employees only, making the Plaintiff easily identifiable as a person who had a medical or religious objection.

49. Plaintiff never agreed to any medical procedures as a condition to employment. Defendant, without a published policy, imposed such a requirement.

50. Plaintiff was repeatedly advised and warned via company emails and announcements that the consequences of non-compliance would be termination.

51. On or about Jan 7, 2022, Plaintiff was specifically advised that he would be terminated imminently.

CLASS ACTION COMPLAINT JURY TRIAL REQUESTED - 8

52.   Unable to tolerate what had become a hostile work environment, Plaintiff resigned on Jan 14, 2022.

53.   Named Plaintiff Stein was employed by Defendant for over 20 years, receiving multiple promotions and pay increase. He had no prior disciplinary issues with Defendant.

54.   Plaintiff attempted to work through the Defendant's stated COVID-19 policy in good faith but was rejected for medical exemption because of a requirement for a doctor's note against EUA vaccination.

55.   Defendant recommended a religious exemption which had three non-negotiable, mandated "accommodations" dictated by Defendant (masking, social distancing, weekly testing),

56.   Defendant only required testing of unvaccinated employees despite the ability of the vaccinated to contract and spread the virus.

57.   Defendant demanded invasive PCR tests that were emergency authorized and have since been recalled by the FDA.

58.   Plaintiff was told by Defendant that if all three non-negotiable accommodations were 59. accepted, then Plaintiff's Religious Exemption (RE) would be approved.

59.   Plaintiff repeatedly worked with managerial staff and Defendant representatives to attempt an acceptable resolution to discriminatory and invasive weekly testing, but was told Defendant's testing mandate "accommodations" were non-negotiable,

60.   Plaintiff was terminated by Defendant for non-compliance to Defendant's COVID-19 mandate ON January 31, 2022.

61.   Named Plaintiff Zepeda was employed by Defendant for six years, earning two promotions and multiple awards.

CLASS ACTION COMPLAINT JURY TRIAL REQUESTED - 9

62.   Plaintiff endured coercion, harassment and threats of loss of livelihood to attest to COVID 19 vaccination status.

63.   Plaintiff submitted vaccination status and a religious accommodation based on sincerely held faith for the COVID 19 vaccine and a medical accommodation to submit a saliva only test for COVID 19.

64.   Defendant demanded weekly testing per accommodation requirement of only those either not disclosing vaccine status or not vaccinated.

65.   Defendant refused test results unless accompanied by a waiver of HIPPA rights presented as RTX COVID Testing Privacy Consent Form.

66.   In retaliation, Zepeda's employment was wrongfully terminated by Raytheon Technologies due to not agreeing waiving/ consenting to waive HIPPA rights on February 2. 2022.

## CLASS ALLEGATIONS

67.   This Complaint is properly maintained as a Class Action under Rule 23(a) and Rule 23(b)(2) of the Federal Rules of Civil Procedure. Subclasses may be added when necessary or appropriate.

**Numerosity (Rule 23(a)(1))**

68.   The members of the Class are so numerous that individual joinder of all Class members is impracticable.

**Commonality (Rule 23(a)(2))**

69.   This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. Defendants have engaged in a common course of conduct giving rise to violations of the legal rights sought to be asserted by

CLASS ACTION COMPLAINT JURY TRIAL REQUESTED - 10

Plaintiffs. Similar or identical constitutional and statutory violations, policies, and practices as well as harm are prevalent across the Class.

70. The harm flows from a common denominator, that being a mandating of an injection of a synthetic substance to wit: manufactured RNA that was derived from fetal cell lines and contains multiple substances known to be toxic to humans.

71. Multiple Plaintiffs were denied religious and/or medical exemptions even if working remotely with absolutely no contact with co-workers.

72. Multiple Plaintiffs were denied religious exemptions based on their failure to pass a "religiosity test" administered by non-clerical management.

73. Multiple Plaintiffs were denied medical exemptions as they failed to fully waive their HIPPA rights and disclose their medical history, once again, to be weighed and measured for quality by non-medical management.

74. Multiple Plaintiffs were granted medical or religious exemptions but were forced to comply with onerous masking and PCR testing, in the face of nearly all brands of PCR tests being recalled by the FDA on Class 1 likely to cause harm or death status.

75. Multiple Plaintiffs chose not to tolerate a hostile work environment. When they were no longer allowed to travel, attend mandatory meetings, etc. they tendered their resignations.

76. Each named and un-named Plaintiff has lost their livelihood due to the imposition of this injection mandate. Many Plaintiffs had over 10 years of service with Defendant, and all had security clearances.

77. But for the onerous imposition of an employer mandate forcing employees to inject themselves with an unproven, untested, synthetic substance, these Plaintiffs would have

CLASS ACTION COMPLAINT JURY TRIAL REQUESTED - 11

continued as loyal employees, in service not only to the Defendant, but to our Nation and its safety.

**Typicality (Rule 23(a)(3))**

78.  The claims of Plaintiffs, who are representative of the Class herein, are typical of the claims of the proposed Class, in that the claims of all members arise from the same policy mandated by the Defendant, and all were injured as a result of the policy mandated by the Defendant.

**Adequacy (Rule 23(a)(4))**

79.  The Named Plaintiffs will fairly and adequately protect the interests of the Class. There are no conflicts of interest between the Named Plaintiffs and the other Class Members.

80.  Counsel for the Plaintiffs is an experienced trial lawyer with 20years experience and has devoted adequate resources to this litigation and will continue to do so.

**Predominance & Superiority (Rule 23(b)(3))**

81.  Class certification is appropriate under Rule 23, as common questions of law and fact in this case predominate over questions affecting individual members of the Class, and a class action is the superior method for fair and efficient adjudication of this controversy.

82.  The likelihood of individual prosecutions in in separate actions is remote given the time and expense necessary to conduct such litigation. The class action procedure would permit a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication.

**Final Declaratory or Injunctive Relief (Rule 23(b)(2))**

83.  Plaintiffs satisfy the requirements for maintaining a class action under Rule 23(b)(2). Defendant has acted or refused to act on grounds that apply generally to the proposed

Class, making final declaratory and injunctive relief appropriate with respect to the Class as a whole.

**Particular Issues (Rule 23(c)(4))**

84.    Plaintiffs also satisfy the requirements for maintaining a class action under Rule 23(c)(4). The claims of the named Plaintiffs consist of particular issues that are common to all members of the Class and are capable of class-wide resolution that will significantly advance litigation.

**CAUSES OF ACTION**

**COUNT ONE**

**DISCRIMINATION IN VIOLATION OF 42 U.S. CODE §§2000e–2(a)(1) 2(a)(2)**

85.    Plaintiffs repeat and re-allege each and every paragraph above with the same full force and effect as if fully set forth herein.

86.    42  U.S. CODE §§2000e–2(a)(1) states that It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

87.    42 U.S. CODE §§2000e–2(a)(2) states that to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as  an employee, because of such individual's race, color, religion, sex, or national origin

CLASS ACTION COMPLAINT JURY TRIAL REQUESTED - 13

88. Defendant engaged in unlawful employment practices when they discriminated against Plaintiffs by discharging them from their employment due to their strongly held religious beliefs. Their compensation, terms, conditions, and privileges of employment were terminated as a result of their religious beliefs.

89. Defendant engaged in unlawful employment practices by discipling employees due to their strongly held religious beliefs, by mandating a medical injection the intake of which would have been violative of their strongly and sincerely held religious beliefs.

## COUNT TWO

## WRONGFUL TERMINATION IN VIOLATION OF42 U.S. CODE §§2000e–2(a)(1)

90. Plaintiffs repeat and re-allege each and every paragraph above with the same full force and effect as if fully set forth herein

91. 42 U.S. CODE §§2000e–2(a)(1) states that it shall be an unlawful employment practice for an **employer** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, **religion**, sex, or national origin.

92. Defendant terminated the employment of Plaintiffs for engaging in protected activity vis a vis the request for religious exemption from the medical injection mandated by Defendant.

93. Plaintiffs' assertion of their right to their deeply held religious beliefs, their refusal to comply with the medical injection directive, and refusal to comply with the odious "accommodations" intended to ostracize and humiliate are the reasons for said termination.

CLASS ACTION COMPLAINT JURY TRIAL REQUESTED - 14

94.     As a result of Defendant's actions, Plaintiffs suffered Damages in an amount to be proven at trial. These actions were the actual and proximate cause of these damages.

95.     Defendant acted with malice and reckless indifference with regard to Plaintiffs' right to religious freedom, justifying an award of punitive damages as well as attorney's fees and court costs.

**COUNT THREE**

**RETALIATION IN VIOLATION OF 42 U.S. Code § 200e-3**

96.     Plaintiffs repeat and re-allege each and every paragraph above with the same full force and effect as if fully set forth herein

97.     42 U.S. Code §200e-3 states It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing

98.     Plaintiffs are employees of Defendant, with disabilities and/or sincerely held religious beliefs who engaged in protected activity when they submitted requests for reasonable accommodation and/or exemption from Defendant's vaccine directives.

99.     Defendant engaged in unlawful employment practices when it ignored, mocked, and dismissed Plaintiff's sincerely held religious beliefs. Defendant behaved unlawfully when

it interrogated Plaintiffs regarding their religiosity, engaged in faux negotiations regarding acceptable accommodations, ostracized them during team meetings, bombarded them with coercive messaging and inevitably terminated their employment, denied them benefits, canceled their insurance, initiated legal actions for education benefits, and delayed termination letters, constructively denying unemployment claims.

100.   Plaintiffs were all long-term employees, with specialized training and high-level security clearances. All had significant experience with spotless employment records prior to the medical directives imposed by Defendant.

101.   But for the unlawful and discriminatory actions of Defendant, these Plaintiffs would have continued as loyal employees of Defendant for many years to come, with no intentions of leaving Raytheon Technologies. Instead, Defendant terminated their service in retaliation for their refusal to violate their strongly held religious beliefs.

102.   By creating and implementing the medical directive, Defendant engaged in a pattern and practice of discrimination against employees with sincerely held religious beliefs by a classification system that adversely affected their employment, based entirely on their refusal to submit to a medical procedure that would violate their strongly held religious beliefs.

103.   Defendant retaliated against Plaintiffs for engaging in protected activity and assertion of their right to refuse violation of their strongly held religious beliefs and desecration of their bodies with experimental chemicals at the behest of their employer.

104.   As a result of the actions of Defendant, Plaintiffs suffered damages in an amount to be proven at trial. These actions were the actual and proximate cause of those damages.

105.   Furthermore, Defendant acted with malice and reckless indifference by refusing to participate in good-faith dialogue regarding accommodation that would not be in violation of Plaintiffs strongly held religious beliefs, instead hiding behind dogmatic phraseology and sound bites.

106.   Plaintiffs are entitled to affirmative relief to remedy the actions of Defendant.

**PRAYER FOR RELIEF**

NOW THEREFORE, having fully stated their claims against the Defendants, Plaintiffs pray that this Honorable Court award them relief as follows:

a.   A Certification of this Action as a Class Action under Federal Rules of Civil Procedure 23 (a) and (b).

b.   A Declaratory Judgement stating that Defendant's COVID injection mandate violates Plaintiff's and other class members rights under the First Amendment.

c.   For Injunctive relief as it pertains to all current employees of Defendant.

d.   For compensatory damages in an amount to be proven at trial.

e.   For punitive damages in an amount to be proven at trial.

f.   For Court costs and Attorney's fees as allowable under law.

g.   For such other relief as the Court deems just and proper.

Dated: September 24, 2022,                    Respectfully Submitted

/s/ *Nancy Knox Bierman*

Attorney for the Plaintiffs

CLASS ACTION COMPLAINT JURY TRIAL REQUESTED - 17