**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Leake, et al., | No. CV-22-00436-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| Raytheon Technologies Corporation, | |
| Defendant. | |

Pending before the Court is Defendant Raytheon Company's ("Defendant or Raytheon")[1] Motion to Dismiss Plaintiffs' Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 9) and Motion to Strike Class Allegations Pursuant to Fed. R. Civ. P. 12(f) and 23 (Doc. 10). Plaintiffs Lisa Leake, Kristen Grace, Joseph Heyser, Christopher Stein, and Leslie Zepeda ("Plaintiffs") responded in opposition to both Motions (Docs. 11 and 12) and Defendant replied to both Motions (Docs. 13 and 14). For the following reasons the Court will grant Defendant's Motion to Dismiss with prejudice and deny Defendant's Motion to Strike Class Allegations as moot.

**I.    Background**

All Plaintiffs were employed by Raytheon at the Tucson, Arizona location. (Doc. 1 at 3.) On September 15, 2021, Raytheon announced via email a new, company-wide, mandatory COVID-19 vaccination policy and issued an FAQ the following day. (*Id*. at 4.)

---

[1] Defendant claims Plaintiff erroneously named Raytheon Technologies Corporation as the Defendant in this matter when Plaintiffs were actually employed by Raytheon Company. (Doc. 9 at n. 1.)

Plaintiffs objected to receiving the vaccination for either religious or medical reasons. (*Id*.) Specifically, some Plaintiffs objected to the vaccination based on their "sincere religious belief that the human body is God's temple, and that they must not take anything into their bodies that God has forbidden or that would alter the functions of their body such as by inducing the production of a spike protein in a manner not designed by God," while other Plaintiffs objected "to being forced to inject a substance that carries with it a significant risk… of serious adverse reactions[.]" (*Id*. at 4-5.) Plaintiffs admit that Raytheon imposed a "blanket accommodation" for those objecting to the vaccination for religious or medical reasons on the condition that the employees with vaccination exemptions wear masks and test weekly for COVID-19. (*Id*. at 8.)[2] However, Plaintiffs felt that these safety protocols, along with constant email reminders and signs posted in the common areas of the workplace encouraging employees to get vaccinated, subjected Plaintiffs to harassment, coercion to get vaccinated, and created a hostile work environment. (*Id*. at 5.) Plaintiffs argue that if Defendant's true goal was employee safety, then Defendant should have required all employees to partake in the safety protocols regardless of vaccination status while also "forcing weight loss and smoking cessation." (*Id*. at 6.) All named Plaintiffs were terminated or resigned for their refusal to comply with Defendant's safety protocols for vaccination-exempt employees. (*Id*. at 6-10.)

On September 24, 2022, Plaintiffs filed a Class Action Complaint alleging discrimination and wrongful termination in violation of 42 U.S.C. §§2000e–2(a)(1) and retaliation in violation of 42 U.S.C. § 2000e-3. (Doc. 1.) Plaintiffs allege that the three-count Complaint properly maintains a class action under Rule 23(a) and Rule 23(b)(2) of the Federal Rules of Civil Procedure. (*Id*. at 10-13.) In Count One, Plaintiffs claim Defendant discriminated against them by mandating a medical injection and that Plaintiffs were ultimately discharged from employment due to their sincere religious beliefs. (*Id*. at

---

[2] Plaintiffs claim the PCR nasal swab testing Defendant required was recalled by the FDA. (Doc. 1 at 9.) Defendant requests the Court take judicial notice that Plaintiffs' statement is "demonstrably false." (Doc. 9 at 3, n.1.) After review, the Court will take judicial notice that the PCR nasal swab COVID-19 testing was not recalled by the FDA and will not accept this statement in Plaintiffs' Class Action Complaint as true. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

1  13-14.) Similarly, under Count Two Plaintiffs allege they were wrongfully terminated due
2  to their deeply held religious beliefs. (*Id* at 14-15.) Lastly, in Count Three, Plaintiffs allege
3  Defendant retaliated against Plaintiffs' religious beliefs by creating a classification system
4  by ostracizing Plaintiffs during team meetings, bombarding them with coercive emails, and
5  eventually terminating them from employment. (*Id*. at 15-17.)
6        On December 2, 2022, Defendant filed a Motion to Dismiss pursuant to Federal
7  Rule of Civil Procedure 12(b)(6). (Doc. 9.) Defendant argues that as a matter of law
8  Plaintiffs cannot state a claim for religious discrimination under Title VII because, among
9  other reasons: (1) the vaccination policy applied to all employees regardless of religious
10 beliefs; (2) Plaintiffs were not terminated, nor did they resign due to their refusal to be
11 vaccinated; rather, they were terminated or resigned from their refusal to comply with the
12 safety protocols for vaccination-exempt employees; and, (3) not all Plaintiffs even objected
13 to the vaccination for religious reasons. (*Id*.) Specifically, Defendant argues Plaintiffs'
14 disparate treatment claim fails because (1) Plaintiffs never alleged they were members of
15 a protected class, (2) Plaintiffs were never treated any differently from those outside the
16 class, and (3) there is no link between any adverse employment action and their religious
17 beliefs. (*Id*. at 10-13.) Defendant argues Plaintiffs' hostile work environment claim fails
18 because (1) Plaintiffs failed to exhaust their administrative remedies by asserting this
19 charge with the Equal Employment Opportunity Commission ("EEOC"), (2) there was
20 nothing hostile about the health and safety protocols for vaccination exempt employees,
21 and (3) the email and signage were facially neutral, had nothing to do with Plaintiffs'
22 religious beliefs, and were directed to all employees. (*Id*. at 13-15.) Lastly, Defendant states
23 Plaintiffs' retaliation claim fails because (1) similar to the disparate treatment claim,
24 Plaintiffs have not established any link between their requests for exemptions and loss of
25 employment, and (2) the loss of employment was due to Plaintiffs' refusal to comply with
26 the safety protocols and not from their religious beliefs. (*Id*. at 15-16.) Alternatively to the
27 Motion to Dismiss, Defendant filed a Motion to Strike Class Allegations. (Doc. 10.)
28 Defendant argues that Plaintiffs cannot maintain a class because the Plaintiffs are not

similarly situated such that there is a common question of law or fact common to the class. (*Id*. at 8.)

In response, Plaintiffs argue that the Motion to Dismiss should be denied because all allegations of material facts in a 12(b)(6) motion are to be construed in Plaintiffs' favor, and taken as true, Plaintiffs have stated a claim in their Complaint. (Doc. 12.) In support of their Response, Plaintiffs argue that they were willfully targeted by Defendant due to their deeply held religious beliefs and that termination from employment is a "pretty dang adverse" employment action. (*Id*. at 2.) Plaintiffs also assert that Defendant retaliated against Plaintiffs' religious beliefs by terminating their employment, and that Defendant created a hostile work environment leading to discriminatory practices by promoting "a political agenda rather than allow for Plaintiff's [sic] deeply held religious beliefs[.]" (*Id*. at 3.) In response to the Motion to Strike Class Allegations, Plaintiffs state that questions of law and fact are shared by all members of the class because all Plaintiffs were faced with a Hobbesian choice; Plaintiffs could either reject their deeply held religious beliefs and defile their bodies for the vaccination or lose the job they loved. (Doc. 11.)

Defendant's Reply states that Plaintiffs' Response makes "no attempt to clarify their vague, contradictory, and self-defeating allegations." (Doc. 13 at 2.) Additionally, the Reply clarifies that Plaintiffs do not even dispute the key facts that warrant dismissal under Title VII. (*Id*.) Specifically, the Response does not dispute that: (1) Plaintiffs were treated the same as employees who sought non-religious vaccination exemptions; (2) Plaintiffs were provided vaccination exemptions subject to compliance with health and safety protocols; (3) Plaintiffs objected to these protocols for non-religious reasons; and, (4) Plaintiffs were terminated or resigned not from religious beliefs, but from refusal to comply with the safety conditions of their exemptions. (*Id*.) Defendant reiterates that all three of Plaintiffs' Title VII claims fail because, in large part, there is no link between Plaintiffs' religious beliefs and any disparate treatment, retaliation, or hostile work environment allegation. (Doc. 13.) Additionally, Defendant argues that the dismissal of Plaintiff's Complaint should be with prejudice, as there is no possibility Plaintiffs could amend their

Complaint to state a legal claim. (*Id*. at 7.) Finally, Defendant argues that the Court should strike Plaintiffs' class allegations because Plaintiffs simply restate Fed. R. Civ. P. 23 in conclusory fashion and do not provide legal grounds to maintain a class action. (Doc. 14.)

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is only appropriate if the complaint's factual allegations, together with all reasonable inferences drawn in the plaintiff's favor, fail to state a plausible claim for relief. *Id.* at 678; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (all factual allegations in the complaint must be accepted as true). However, allegations that "contradict matters properly subject to judicial notice or by exhibit" need not be accepted as true. *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (courts need not accept as true allegations that "contradict matters properly subject to judicial notice or by exhibit" or that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") "[A] court may disregard allegations of the complaint that are contradicted by attached exhibits." *Castle v. Eurofresh, Inc.*, No. CV09-8114-PCT-MHMDKD, 2010 WL 797138, at *3 (D. Ariz. Mar. 8, 2010). "We have held that a plaintiff can…plead himself out of a claim by including unnecessary details contrary to his claims." *Sprewell*, 266 F.3d at 988.

While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 45 n.12 (2011) (quoting *Twombly*, 550 U.S. at 570). The allegations must "raise a reasonable expectation that discovery will reveal [material] evidence" and thus "allow the court to draw the reasonable inference that the defendant is liable" for the alleged misconduct. *Id*. at 46. The plausibility standard demands "more than

a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A formulaic recitation of the elements of a cause of action is not enough to establish a claim, and legal conclusions are not entitled to an assumption of truth. *Id*. at 679.

In resolving a Rule 12(b)(6) Motion to Dismiss for failure to state a claim, "the Court's task is to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Sabol*, 2020 WL 705170, at *6 (internal citations and quotations omitted). Within the context of the facts stated in the complaint or documents attached to or incorporated into the complaint by reference, the Court must "draw reasonable inferences and resolve any doubts in favor of the non-moving party." *Id*.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 971 (9th Cir. 2010) ("Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.") (citations omitted). Whether a district court grants leave to amend is reviewed for an abuse of discretion. *Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013). The factors to consider in making the determination of whether to dismiss the complaint without leave to amend are bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Id*. (citing *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011)). "However, each is not given equal weight. Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

**III. Applicable Law**[3]

Title VII of the Civil Rights Act of 1964 prohibits discrimination, termination,

---

[3] Plaintiffs' three claims in their Complaint consist of "Discrimination, Wrongful Termination, and Retaliation;" whereas Defendant's Motion to Dismiss labels the three claims as "Disparate Treatment, Hostile Work Environment, and Retaliation." This Order will label the overlapping Title VII claims in accordance with Defendant's Motion to Dismiss.

- 6 -

segregation, or any other act by an employer that deprives an individual of employment opportunities on account of religion. 42 U.S.C § 2000e-2(a). Employers have a duty to reasonably accommodate the religious practices of an employee, unless the employer can demonstrate that the accommodation would result in an undue hardship on the conduct of business. 29 C.F.R. § 1605.2(b)-(c).

"Disparate treatment occurs 'where an employer has treated a particular person less favorably than others because of a protected trait.'" *Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012) (citing *Ricci v. DeStefano,* 557 U.S. 557, 577 (2009)). "To establish a prima facie case of disparate treatment under Title VII, a plaintiff must provide evidence that 'give[s] rise to an inference of unlawful discrimination.'" *Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir. 2002) (citing *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253 (1981)). Additionally, when a plaintiff is challenging a facially neutral policy, she must establish that the defendant had a discriminatory intent for taking the job-related action. *Wood*, 678 F. 3d at 1081. Disparate treatment claims follow the *McDonnell Douglas* framework in that a plaintiff bears the initial burden of showing: "(1) he is a member of a protected class, (2) he was performing his job in a satisfactory manner, (3) he suffered an adverse employment decision, and (4) he was treated differently than similarly situated persons outside his protected class." *Clark v. Frank*, 5 F.3d 535 (9th Cir. 1993) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973)).

"To state a claim based on a hostile work environment, the plaintiff must show that there has been severe or pervasive and unwelcome verbal or physical harassment because of the plaintiff's membership in a protected class," and that the severe and pervasive harassment altered the conditions of employment to create an abusive work environment. *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003); *Clark v. Frank*, 5 F.3d 535 (9th Cir. 1993). Courts are required to look at the totality of circumstances in determining whether a work environment is sufficiently hostile. *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998). However, this is a demanding standard, and conduct must be extreme to constitute a hostile work environment. *Id*. at 788.

"To establish a prima facie case of retaliation, a plaintiff must demonstrate that (1) he engaged in protected activity, (2) he suffered an adverse personnel action, and (3) there was a causal link between the two." *Clark v. Frank*, 5 F.3d 535 (9th Cir. 1993). "To establish causation [a plaintiff] must show 'by a preponderance of the evidence that engaging in the protected activity was one of the reasons for [his] firing and that but for such activity [he] would not have been fired.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064–65 (9th Cir. 2002) (citing *Ruggles v. California Polytechnic State Univ.,* 797 F.2d 782, 785 (9th Cir.1986)).

Recent case law has addressed Title VII issues regarding vaccination mandates. The EEOC recognizes that "Title VII prohibits employment discrimination based on religion[; however,] an employee's request for an exemption from a COVID-19 vaccination mandate can be denied on the ground that the employee's belief is not truly religious in nature or is not sincerely held, or on the ground that such an exemption would pose an 'undue hardship' by burdening 'the conduct of the employer's business' through increasing 'the risk of the spread of COVID-19 to other employees or to the public.'" *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1180 (9th Cir. 2021), *reconsideration en banc denied,* 22 F.4th 1099 (9th Cir. 2022) (citing EEOC Guidance). Even before the outbreak of COVID-19, the Supreme Court recognized that '"the right to practice religion freely' is not '"beyond regulation in the public interest,' including regulation aimed at reducing the risk of '"expos[ing] the community'… to 'communicable disease[.]"' *Id.* at 1181 (quoting *Prince v. Massachusetts*, 321 U.S. 158, 166–67 (1944)).

**IV.     Discussion**

Plaintiffs' overlapping allegations lack the legal and factual support to state a Title VII claim. First, Plaintiffs have not and cannot state a disparate treatment claim. All vaccination-exempt employees were treated the same, regardless of the reason for exemption. The vaccination mandate never mentioned religion and was therefore facially neutral, and Plaintiffs have not established that Defendant had a discriminatory intent in either issuing the vaccination mandate or implementing the health and safety protocols for

vaccination-exempt employees. This alone is enough to defeat Plaintiffs' disparate treatment claim. *See Wood*, 678 F. 3d at 1081. Furthermore, applying the *McDonnell Douglas* framework, Plaintiffs never alleged they were members of any protected class, or what their religious beliefs were. Plaintiffs simply state that some employees rejected the vaccination due to their "sincere religious belief that the human body is God's temple, and that they must not take anything into their bodies that God has forbidden or that would alter the functions of their body such as by inducing the production of a spike protein in a manner not designed by God," while others objected not because of religious reasons, but for medical reasons. (Doc. 1 at 4-5.) Even if Plaintiffs were comprised of a protected class, they still fail to demonstrate they were treated any differently from other vaccination-exempt employees. Therefore, Plaintiffs have failed to allege a legally valid disparate treatment claim and this claim will be dismissed.

Next, Plaintiffs have not, and cannot, state a hostile work environment claim. As an initial matter, Defendant alleges this Court lacks jurisdiction to consider this claim for Plaintiffs failure to assert this charge with the EEOC. (Doc. 9 at 14.) "However, the district court has jurisdiction over any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (citing *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)). Because a hostile work environment claim is related to and could reasonably be expected to grow out of the discrimination allegations Plaintiffs brought before the EEOC, the Court will consider, but dismiss, this claim.

Once again, Plaintiffs fail to show they were members of a protected class, but even if they had, Plaintiffs would not have come close to meeting this demanding standard. *See Faragher*, 524 U.S. at 787. Defendant had a blanket vaccination exemption and only required those employees with a vaccination exemption to wear masks and test weekly for COVID-19. (Doc. 1 at 8.) Plaintiffs' allegation that a hostile work environment was created through the requirement that vaccination-exempt employees wear facial protection and

submit to weekly COVID-19 testing for a virus that has claimed the lives of over one million Americans, and counting, is shocking to the Court.[4] Regardless, the Court fails to see how the safety conditions required for vaccination-exempt employees is in any way related to religious discrimination under Title VII. As some district courts have already found, masking requirements for vaccination-exempt employees does not create a "scarlet letter" effect because the employees could be vaccination-exempt for a multitude of reasons, or the masking employees could be vaccinated but simply want the added facial protection. *Klaassen v. Trustees of Indiana Univ.*, 549 F. Supp. 3d 836, 890 (N.D. Ind. 2021), *vacated and remanded as moot,* 24 F.4th 638 (7th Cir. 2022). Plaintiffs also argue that the constant email reminders and signage in workplace common areas contributed to a hostile work environment. (Doc. 1 at 5.) But again, these facially neutral promotions of employee safety and well-being were sent and visible to all Raytheon employees and were not specifically targeted to Plaintiffs. Raytheon's encouragement of their employees to get vaccinated for a deadly virus, combined with the reasonable safety accommodations for vaccination-exempt employees, does not come close to meeting the demanding standard needed to state a legally valid hostile work environment claim. As such, this claim will be dismissed.

Lastly, Plaintiffs have not, and cannot, state a retaliation claim. As previously mentioned, Plaintiffs have not established that they were members of a protected class or were engaging in any protected activity. But even if Plaintiffs could establish that they were engaging in a protected religious activity that would trigger Title VII protections, they have failed to establish a causal link between this protected activity and any adverse employment action. As Plaintiffs admit in their Complaint, they were not terminated, nor did they resign, because of the religious vaccination exemption, they were terminated or resigned due to their refusal to comply with the health and safety protocols for vaccination-exempt employees. Defendant's requirement that vaccination-exempt employees wear facial masks and engage in weekly COVID-19 testing does not have any religious aspect

---

[4] *Covid Data Tracker*, Ctrs. for Disease Control & Prevention, https://covid.cdc.gov/covid-data-tracker/#data-tracker-home (last visited February 21, 2023).

attached to it and is a facially neutral policy. Plaintiffs' religious and, in some cases, medical objections to the COVID-19 vaccine was not a but-for cause of Plaintiffs' termination. Instead, the but-for cause of Plaintiffs' termination was Plaintiffs' refusal to comply with the safety conditions for vaccination exempt employees. Therefore, Plaintiffs have failed to establish a legally valid retaliation claim under Title VII and this claim will be dismissed.

Plaintiffs have not, and simply cannot state a Title VII claim on the record before the Court. But even if they had, prior case law has held that an employer may deny a religious vaccination exemption on the ground that such exemptions would pose an undue hardship on the employer's business by increasing the spread of COVID-19 among the employees or public. *See San Diego Unified Sch. Dist.*, 19 F.4th at 1180. Employers also have a duty to provide reasonable accommodations to the religious practices of an employee. 29 C.F.R. § 1605.2(b)-(c). Defendant provided reasonable accommodations here by allowing for blanket vaccination exemptions for any reason, while requiring vaccination-exempt employees to follow a few additional safety protocols. Because Plaintiffs have failed to link any adverse employment action to their religious beliefs, Plaintiffs have failed to state a Title VII claim. Additionally, the Court finds that any amendment to the Complaint would be futile. Therefore, dismissal of the Complaint with prejudice is appropriate.

Because the Court will grant Defendant's Motion to Dismiss with prejudice, it need not address Defendant's alternative Motion to Strike Class Allegations (Doc. 10). Accordingly, the Motion to Strike Class Allegations is denied as moot.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

1  **IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Class Action
2  Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 9) is **granted**. This case is hereby
3  **dismissed with prejudice**. The Clerk of the Court is directed to close the case.
4  **IT IS FURTHER ORDERED** that Defendant's Motion to Strike Class Allegations
5  Pursuant to Fed. R. Civ. P. 12(f) and 23 (Doc. 10) is **denied as moot**.
6  Dated this 27th day of February, 2023.

_____
Honorable Rosemary Márquez
United States District Judge